**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CLOPAY CORPORATION,** | * | **Case No. 1:26-cv-868** |
| Plaintiff, | * | |
| v. | * | |
| **OVERHEAD DOOR CORPORATION** | * | **Judge Matthew R. Byrne** |
| Defendant. | * | |

**Order Denying Defendant Overhead Door Corporation's Motion to Strike or Disregard Improper Reply Material and to Take PI Hearing Off Calendar, or in the Alternative, for Limited Supplemental Discovery and Leave to File a Sur-Reply**

This matter is before the Court on Defendant Overhead Door Corporation's Motion to Strike or Disregard Improper Reply Material and to Take PI Hearing Off Calendar, or in the Alternative, for Limited Supplemental Discovery and Leave to File a Sur-Reply (the "Motion to Strike") (Doc. 49.) For the reasons set forth below, the Motion is **DENIED**.

Overhead Door filed this Motion, contending that Plaintiff Clopay Corporation's Reply Memorandum in Support of Motion for Preliminary Injunction ("Reply") (Doc. 47) "requests a materially different preliminary injunction" from Clopay's original motion. (Doc. 49 at PageID 2713.) Overhead Door argues that Clopay's Reply presents a new and expanded theory of liability and relies on significant new evidence in doing so. (*Id.* at PageID 2716.) Overhead Door makes numerous arguments: (1) Clopay's Reply creates a "new injunction" that Overhead Door did not have time to respond to; (2) Clopay improperly attempted to sidestep amending its complaint by filing this Reply; (3) Clopay attempted to improperly "cure" the defects in its complaint to avoid Defendant's motion

to dismiss; (4) Clopay's Reply includes "new evidence" Overhead Door did not have time to test; and (5) Clopay creates discovery disputes not properly before the Court. (*Id.* at PageID 2718-2728.) As to the relief it seeks, Overhead Door requests this Court (1) strike portions of Clopay's Reply; (2) alternatively allow Overhead Door to conduct supplemental discovery and file a sur-reply; and (3) vacate the preliminary injunction hearing and instead hold an emergency status conference. (Doc. 49 at PageID 2717.)

All of Overhead Door's various requests are denied at this time. The crux of Overhead Door's numerous arguments is that it believes Clopay raised new issues for the first time in its Reply. But even if Clopay did so, the various forms of relief Overhead Door seeks are not necessary to resolve this issue. Rather, the law in this Circuit is clear: district courts have discretion "to decline to address arguments advanced for the first time in a reply brief." *Toth v. Ford Motor Co.*, 2008 WL 11380224, at *1 (N.D. Ohio Sept. 18, 2008), citing *Scottsdale Insurance Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *see Chapman v. Saul*, 2019 WL 3773736, at *4 (N.D. Ohio Aug. 12, 2019) ("[I]t is well within a court's discretion to decline to consider issues that are raised for the first time in a parties' reply brief.").

When deciding the merits of Plaintiff's motion for preliminary injunction, the court can simply consider whether Plaintiff raised new issues or arguments for the first time in its Reply and determine whether to consider those issues or arguments in its discretion. *See Wheat v. One Holland Corp.*, 2026 WL 1392202, at *3 (S.D. Ohio May 19, 2026) (explaining that "it is well established that a moving party may not raise new issues for the first time in its reply brief" and exercising its discretion to decline to consider issues first raised in a reply pursuant to a motion to strike while disposing of the whole summary judgment motion); *House of Bryant Publications, LLC v. City of Lake City,*

*Tenn.*, 2014 WL 2208974, at *12, 15 (E.D. Tenn. May 28, 2014) (explaining that a party may not raise new issues for the first time in a reply brief and separately declining to rule on the motion to strike because the challenged content never factored into the court's analysis of the motion for preliminary injunction). The Court need not vacate the preliminary injunction hearing, hold an emergency status conference, or grant leave for Overhead Door to conduct additional discovery and file a sur-reply just days before the scheduled preliminary injunction hearing. Further delaying and further complicating the preliminary injunction hearing is not necessary to resolve this dispute and it is not a good use of this court's time or resources.

Therefore, this Court therefore **DENIES** Defendant's Motion to Strike (Doc. 49). However, the Court may consider the arguments raised by Overhead Door in its Motion to Strike when the Court considers the briefing on the preliminary injunction motion to the extent the court determines those arguments to be relevant to its analysis.

IT IS SO ORDERED.

Date: November 17, 2026

Matthew R. Byrne
United States District Judge